## Monserrat *v.* Sucesión Perez.

Apelación procedente de la Corte de Distrito de San Juan.

No. 28.—Resuelto en Junio 13, 1903.

Pago.—Obligaciones.—El pago se reputa hecho cuando completamente se hubiere entregado la cosa ó hecho la prestación en que consista la obligación, y estando el documento justificativo de la deuda en poder del acreedor, y probado su legitimidad, se presume la certeza, fuerza y eficacia de la obligación, mientras no se pruebe lo contrario.

### EXPOSICIÓN DEL CASO.

En el recurso de casación, hoy de apelación, que ante Nos pende, interpuesto por Doña Josefa Perez Rivera, viuda de Batlle, representada por el Letrado Don Juan R. Ramos y Velez, en el juicio seguido ante el Tribunal de Distrito de San Juan por Don Damian Monserrat bajo su propia representación y dirección contra la Sucesión de Don Eusebio Perez y Castillo, de la que forma parte dicha apelante, sobre cobro de pesos; en cuyo recurso se interesa la revocación de la sentencia dictada por el expresado Tribunal, que literalmente dice así:

"En la ciudad de San Juan de Puerto Rico, á los doce días del mes de Febrero de mil novecientos tres, vistos estos autos seguidos por el abogado Don Damian Monserrat y Simó contra la Sucesión de Don Eusebio Perez y Castillo sobre pago de pesos.

"*Resultando:* que en 11 de Septiembre del año proximo pasado, por su propio derecho como endosatario de Mendizabal y Compañía, A. Vicente y Compañía, Don Pedro Orcasitas Muñoz, Orcasitas y Soliveras y Don Julian Matienzo, presentó demanda declarativa contra la Sucesión de Don Eusebio Perez Castillo, compuesta de sus hijos Doña Emilia Perez y Rivera, casada con Don Julio Grau, Doña Asunción, Doña Monserrate, casada con Don Pedro Sanchez, Don Pablo, Don Eusebio, Don José Antonio, Doña Josefa y Don Eduardo Perez y Rivera, representado éste por haber fallecido, por sus hijos legítimos Doña Rosa, Doña Rafaela Monserrate, Doña Monserrate Rafaela y Doña Soledad Perez Casalduc, y por su hijo natural Celso Eduardo, en cobro de tres mil setecientos ochenta y seis pesos cuatro centavos, cuya demanda fundó en los siguientes hechos; Primero: que en virtud de pagarés mercantiles Don Eusebio Perez, hoy su sucesión, le adeudaba procedente de mercancías compradas á plazos en el almacén de cada uno de los

## MONSERRAT v. SUCCESSION OF PEREZ.

### APPEAL from the District Court of San Juan.

No. 28.—Decided June 13, 1903.

"In the City of San Juan, Porto Rico, on the twelfth day of the month of February, one thousand nine hundred and three, a hearing was had in the proceedings prosecuted by Damián Monserrat y Simo, Esq., against the Succession of Eusebio Perez y Castillo, for the recovery of a debt.

On September 11, of- last year, Damián Monserrat, as indorsee of Mendizabal & Co. A. Vicente & Co., Pedro Orcasitas Muñoz, Orcasitas & Soliveras and Julián Matienzo, instituted a declaratory action in the District Court of San Juan, against the Succession of Eusebio Perez y Castillo, consisting of his children Emilia Perez y Rivera, married to Julio Grau, Asunción, Monserrate, married to Pedro Sánchez, Pablo, Eusebio, José Antonio, Josefa and Eduardo Perez y Rivera, the latter deceased, and represented by his legitimate children Rosa, Rafaela Monserrate, Monserrate Rafaela and Soledad Perez Casalduc, and by his natural son Celso Eduardo, for the recovery of three thousand seven hundred and eighty-six *pesos*, and four *centavos*, which action was based upon the following alleged facts: First.—That by virtue of promissory notes, Eusebio Perez, now his heirs, was indebted to plaintiff for merchandise purchased on time at the store, of each of the merchants hereinafter mentioned, the following sums: Mendizabal & Co., seven hundred and twenty-four *pesos*, and twenty-six *centavos*, provincial money; Vicente & Co., seven hundred and eighty-two *pesos*, and twelve *centavos;* Pedro Orcasitas Muñoz, one hundred and forty-five *pesos*, and ninety

comerciantes que expresaría, las cantidades siguientes: á Mendizabal y Compañía, setecientos veinte y cuatro pesos veinte y seis centavos moneda provincial; á Vicente y Compañía, setecientos ochenta y dos pesos doce centavos; á Don Pedro Orcasitas Muñoz, ciento cuarenta y cïnco pesos noventa centavos; á Orcasitas y Soliveras, ciento veinte y cuatro pesos sesenta y tres centavos; á Julian Matienzo, mil novecientos setenta y nueve pesos trece centavos; formando un total de tres mil setecientos ochenta y seis pesos cuatro centavos de la antigua moneda provincial, equivalentes á dos mil quinientos cincuenta y tres dollars sesenta y dos centavos : Segundo : Que en cada una de esas obligaciones se estipuló por el deudor el interés comercial del doce por ciento anual, á partir del vencimiento de cada una de ellas y que el pago se verificara en esta Capital; Tercero : Que había vencido con exceso el plazo para el pago de cada una de esas obligaciones, sin que á pesar de sus gestiones privadas se hubiere verificado el pago; Cuarto : Que Mendizabal y Compañía, A. Vicente y Compañía, Pedro Orcasitas Muñoz, Orcasitas y Soliveras y Don Julian Matienzo, por endoso le trasmitieron sus derechos en los expresados documentos, y Quinto : Que cansado de gestionar particularmente el cobro, sin conseguirlo, se veía obligado á acudir á los Tribunales; dedujo fundamentos de derecho y suplicó que previo los trámites correspondientes se dictase sentencia condenando á la Sucesión demandada al pago de la cantidad reclamada, intereses y costas"

*Resultando :* que admitida la demanda se dispuso conferir traslado de ella á los demandados citándoseles y emplazándoseles por término de veinte días sin que contestasen dicha demanda y acusada rebeldía por el actor, se les tuvo por rebeldes notificándoseles la providencia en que tal declaración se hizo".

*Resultando :* que señalado día para la proposición de pruebas compareció el actor presentando los siete pagarés á que se refiere el hecho primero de la demanda, certificación de la inscripción de defunción de Don Eusebio Perez y Castillo y de su esposa Doña Monserrate Rivera, ocurrida la primera en 1899 y la segunda en 1900, y una carta suscrita por Don Julio Grau y Don Eusebio Perez Rivera, en la que se confiesa la cantidad reclamada."

*Resultando :* que admitida la prueba propuesta se practicó la siguiente : Las firmas que autorizan los siete pagarés presentados, fueron objeto de reconocimiento pericial con otra indubitada, declarando los tres peritos nombrados ser legítimas, declarando en el acto del juicio oral Don Juiio Grau ser de su puño y letra la firma de la carta presentada y los gestores de Mendizabal y Compañía, A. Vicente y Compañía, Orcasitas y Soliveras y Don Pedro Orcasitas Muñoz y el apoderado de Don Julian Matienzo, ser legítimas las firmas que autorizaban los endosos de los pagarés presentados."

*Resultando :* que señalado día para la votación del fallo que debía dictarse, fué votado por unanimidad que se declarase con lugar la demanda, conde-

*centavos;* Orcasitas & Soliveras, one hundred and twenty-four *pesos,* and sixty-three *centavos;* Julián Matienzo, one thousand nine hundred and seventy-nine *pesos* and thirteen. *centavos,* aggregating three thousand seven hundred and eighty-six *pesos* and four *centavos* of the old provincial money, equal to two thousand five hundred and fifty three dollars and sixty-two cents. Second.—That in each of these obligations, the commercial interest of twelve per cent. per annum had been stipulated by the debtor from the time of maturity payment to be made in San Juan. Third.—That said notes were long overdue and had not been taken up, notwithstanding the efforts made out of court with that end in view. Fourth.—That Mendizabal & Co., A. Vicente & Co., Pedro Orcasitas Muñoz, Orcasitas & Soliveras and Julián Matienzo, had by indorsement transferred to plaintiff their interest in aforesaid notes; and Fifth.—That having unsuccessfully exhausted all efforts for the collection out of court, he was compelled to resort to judicial proceedings. He cited the legal grounds upon which his claim was based, and prayed that after the proper proceedings were had, judgment be rendered condemning the aforesaid Succession to pay the amount claimed, with interest and costs.

"The complaint was admitted and the defendants summoned to appear within twenty days, and having failed to answer the complaint, on motion of the plaintiff, they were declared in default, notice of the order to that effect being served upon them."

"A day having been set for the proposal of evidence, the plaintiff filed the seven promissory notes referred to in the first allegation of the complaint; certificates of the death of Eusebio Perez y Castillo and of his wife Monserrate Rivera, which occurred in 1899 and 1900, respectively, and a letter. signed by Julio Grau and Eusebio Perez Rivera, wherein the amount claimed is acknowledged to be due and owing."

"The evidence proposed was admitted, and the following were introduced: The signatures authorizing the seven promissory notes presented, were compared by experts with others as to the authenticity of which there was no doubt, and were pronounced genuine by the three appointed expert witnesses, while at the oral trial Julio Grau testified that the signature to the letter exhibited was his, and the managing partners of Mendizabal & Co., A· Vicente &. Co., Orcasitas & Soliveras, Pedro Orcasitas Muñoz, and the attorney-in-fact of Julián Matienzo testified that the signatures authorizing the indorsements of the notes were genuine."

"A day having been set for the voting for judgment the court was unanimous in sustaining the complaint, the defendant Succession being adjudged to pay the amount claimed with interest from the date of maturity of the notes to that of payment, with costs."

"Judge José Tous y Soto prepared the opinion of the court."

nándose á la Sucesión demandada al pago de la cantidad reclamada, intereses desde el vencimiento de las obligaciones hasta el pago y las costas.

"Siendo Ponente el Juez Asociado Don José Tous y Soto".

*Considerando:* que no se entenderá pagada una deuda sino cuando completamente se hubiere entregado la cosa, ó hecho la prestación en que la obligación consiste, y obrando en poder del demandante los pagarés mencionados en el primer Resultando, firmados por Eusebio Pérez á favor de las personas que en él se indican y endosados por éstos al demandante, hay que sostener están subsistentes mientras no se pruebe lo contrario.

*Considerando:* que no habiéndose comprobado ni demostrado lo más mínimo, que desvirtúe el valor de dichas obligaciones, y reconocidas por los endosantes las firmas de sus respectivos endosos, ·queda el demandante por ley colocado en el lugar y con los derechos que al endosante correspondían.

*Considerando:* finalmente que la constante rebeldía de los demandados en este juicio, es una presunción apreciable, dado no solo lo expuesto, sino la deducción consiguiente, que de los anteriores razonamientos se deduce, ó sea la certeza, fuerza y eficacia de las obligaciones reclamadas.

*Considerando:* que debiendo, por todo ello, declararse con lugar la demanda, las costas deben imponerse á los demandados.

*Fallamos:* que debemos declarar y declaramos con lugar la demanda y en su virtud condenamos á la Sucesión de Don Eusebio Pérez Castillo al pago de los tres mil setecientos cincuenta y seis pesos cuatro centavos provinciales, á que ascienden los pagarés presentados, mencionados en el primer Resultando, intereses de dicha suma al uno por ciento mensual, desde el vencimiento de cada uno de ellos hasta el completo pago y las costas.

"Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos. Juan Morera Martinez, Frank H. Richmond, José Tous.

*Resultando:* que contra esta sentencia interpuso Doña Josefa Perez Rivera, viuda de Batlle, recurso de casación por infracción de ley, y por quebrantamiento de forma, que le fué admitido; y elevados los autos á este Tribunal Supremo, con citación y emplazamiento de las partes, evacuaron éstas el trámite de instrucción que les fué conferido, en atención á substanciarse el recurso como de apelación, en virtud de la Ley de la Asamblea Legislativa, aprobada en 12 de Marzo último, referente á la conversión de este Tribunal en Corte de apelación, habiéndose señalado día para la vista, la que tuvo lugar en 10 de los corrientes, en cuyo acto informaron los Letrados de las partes, recurrente y recurrida.

"A debt cannot be considered to have been paid until the thing or service, which is the object of the obligation, has been delivered or rendered in full, and inasmuch as the notes mentioned in the first finding of fact signed by Eusebio Perez in favor of the persons named therein and indorsed by them to the plaintiff, are in the possession of the latter, it must be maintained that said notes are valid, until the contrary be proven."

"Nothing having been established or shown to invalidate said obligations, and the signatures of the respective indorsements having been acknowledged by the indorsers, the plaintiff stands in place of said indorsers and has the same rights which appertained to them."

"Finally, the persistent default of the defendants in this proceeding, considering not only what has been set forth, but the inference to be drawn from the foregoing reasonings, furnishes a reasonable presumption of the certainty, force and effectiveness of the obligations demanded."

"For all these reasons the complaint should be sustained and costs imposed upon defendants."

"We adjudge that we should sustain and do sustain the complaint herein, and accordingly condemn the Succession of Eusebio Perez y Castillo to pay three thousand seven hundred and fifty six *pesos* and four *centavos*, provincial money, which is the aggregate amount of the notes presented and to which reference is made in the first finding of fact, with interest thereon at the rate of one per cent. per month,' from the date of maturity of each of said notes to that of full payment thereof, with costs.'"

"Thus by this our judgment do we pronounce, order and sign. Juan Morera Martinez – Frank H. Richmond – José Tous."

From this judgment Josefa Rivera, widow of Batlle, took an appeal in cassation for error of law and error of procedure, which was allowed. The record was forwarded to this Supreme Court, and the parties were cited and the record was submitted to them; the proper procedure in appeals being followed pursuant to the provisions of an Act of the Legislative Assembly establishing the Supreme Court of Porto Rico as a court of appeals, approved March 12, 1903. A day was set for the hearing which took place on the 10th of this month, counsel for both parties being present and arguing in support of their respective claims.

*Mr. Juan R. Ramos*, for appellants.

*Mr. Monserrat*, for respondent.

Abogado de los apelantes: *Sr. Ramos (Juan R.)*

Abogado del apelado: *Sr. Monserrat.*

El Juez Asociado Sr Sulzbacher, después de exponer los hechos anteriores, emitió la opinión del Tribunal:

Aceptando todos los fundamentos de hecho y de derecho que contiene la sentencia inserta.

*Considerando:* que por esos propios fundamentos procede la confirmación de la misma, con imposición de las costas de esta instancia á la parte recurrente.

Vistos los artículos 661, 1108, 1125, 1170 y 1171 del Código Civil antiguo, con los concordantes del moderno, el 63 de la Orden General No. 118, de 15 de Agosto de 1899, y la Sección 11ª de la Ley del Congreso de los Estados Unidos, aprobada en Abril 12 de 1900, titulada; "Ley para proveer temporalmente de Rentas y un Gobierno Civil á la Isla de Puerto Rico, y para otros fines.

*Fallamos:* que debemos confirmar y confirmamos la sentencia que dictó el Tribunal de Distrito de San Juan, en 12 de Febrero último, con las costas de esta instancia á cargo de la parte recurrente.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Hernandez y MacLeary.

El Juez Asociado Sr. Figueras no formó Tribunal en la vista de este caso.